THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Integon General
 Insurance Corporation, Appellant,
 v.
 George Jacob
 Shine, Kenneth G. Lane, Kenny Campbell, Neil R. Campbell, Jr. and Dorothy
 Merritt, as Personal Representative of the Estate of Jonah C. Merritt, Defendants,
 of whom:
 Kenneth G. Lane, Kenny Campbell, Neil R. Campbell, Jr.,
 and Dorothy Merritt, as Personal Representative of the Estate of Jonah C.
 Merritt are Respondents.
 
 
 

Appeal from Dillon County
 James E. Lockemy, Circuit Court Judge
Memorandum Opinion No. 2008-MO-034
Heard June 24, 2008  Filed August 4, 2008   
REVERSED

 
 
 
 C.
 Mitchell Brown, William C. Wood, Jr., and A. Mattison Bogan, all of Nelson,
 Mullins, Riley & Scarborough, of Columbia, for Appellant.
 A.
 Glenn Greene, Jr., of Greene and Huggins, of Dillon, Robert Francis McMahan,
 Jr., of Harris and Graves, of Columbia, and William Jones Rivers, III,  of
 Schurlknight and Rivers, of Florence, for Respondent.
 
 
 

PER CURIAM: 
 Appellant appeals an order finding coverage under its policy for an accident
 which occurred while its insured (driver) was operating a truck belonging to
 drivers father.  We hold that coverage is barred by an exclusion in the
 policy, and reverse.
FACTS
Drivers father owned the truck which was
 furnished for drivers mothers use.  Driver, who was expressly forbidden to
 drive the truck by his parents, nevertheless took it and picked up the
 respondents.  When mother became aware that driver had taken the truck, she
 called him and ordered him to immediately bring it back to his parents house. 
 The accident occurred after this phone call.
Appellant brought
 this declaratory judgment action against driver, the surviving passengers, and
 the estate of the passenger who died as a result of the wreck.  Appellant made
 a number of arguments why its policy did not provide coverage under these
 circumstances.  The circuit court found against appellant on each issue.  We
 find it necessary to address only one.
ISSUE

 Did the
 circuit court err in holding that exclusion 18 did not apply so as to bar coverage
 under appellants policy?

ANALYSIS
Appellant issued a
 policy to driver insuring drivers Buick automobile.  The circuit court held
 first that fathers truck qualified as a temporary substitute vehicle under
 section 9c of the policy.  This section defines Your Insured Auto to include:

 Any
 auto not owned by you while you are temporarily driving it as a substitute for
 any other auto described in this definition because of its withdrawal from
 normal use due to breakdown, repair, servicing, loss or destruction.

It is uncontested that the
 automobile insured under appellants policy was inoperable at the time driver
 took his fathers truck.  Moreover, the circuit court held that before a
 vehicle could qualify as a Your Insured Auto, it must be operated with
 permission.  The circuit court held that mother, a named insured under the
 trucks policy, had given driver permission to drive the truck when she ordered
 him to return it.[1]
The
 circuit court concluded that insurer could not rely on exclusion 18 which eliminates
 coverage for:

 18.  Bodily injury or property damage
 while using an auto without or beyond the scope of the owners expressed or
 implied permission.

The circuit court reasoned
 the exclusion was ambiguous because it only excludes coverage for
 non-permissive use of an auto and does not specifically address whether it also
 applies to a vehicle meeting the policys definition of Your Insured Auto.  The
 circuit court again concluded that mother had given driver permission to drive
 the truck within the meaning of exclusion 18.
Appellant argues
 that under the exclusion the question is whether the owner of the automobile
 gave permission.  It contends there is simply no evidence that the trucks
 owner, drivers father, gave driver express or implied permission to take the
 truck.  In fact, the only evidence is that father explicitly prohibited driver,
 both verbally and in the trucks policy, from operating the vehicle.  Appellant
 argues, and we agree, that whether mother gave permission is irrelevant as its
 policy requires the auto be driven with the owners consent.  Insurer next
 contends there is no ambiguity in exclusion 18s reference to auto without
 also specifically referencing Your Insured Auto.  We agree.  Under the
 definitions of the policy, all Your Insured Autos are autos but not all
 autos are Your Insured Autos. 
The
 term auto in exclusion 18 means a land motor vehicle or trailer designed for
 travel on public roads,[2] and necessarily includes those autos which also meet the limited definition of
 Your Insured Auto.  There is no ambiguity in exclusion 18.  Furthermore, even
 assuming mother gave driver permission to operate the truck, that permission
 does not vitiate exclusion 18 which requires the owners (i.e. fathers) permission. 
 The circuit court erred in failing to find exclusion 18 applies so as to deny
 coverage to respondents under the policy issued by appellant to driver.
CONCLUSION
The order finding
 appellants policy provided coverage to the respondents is 
REVERSED.
TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.

[1] Whether mothers instruction constituted permission is not necessary to our
 resolution of this case, but we are doubtful of this conclusion.
[2] This is the drivers policys definition of auto.